THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States

FILED

Jun 05 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KEN HONG WONG,<br><br>    Defendant. | CASE NO. 3:23-cr-00162 WHA<br><br>VIOLATIONS:<br>18 U.S.C. § 371– Conspiracy to Commit Bribery; 18 U.S.C. § 666(a)(2) Bribery Concerning Programs Receiving Federal Funds; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE |

I N F O R M A T I O N

The United States Attorney charges:

COUNT ONE:      (18 U.S.C. § 371 – Conspiracy to Commit Bribery)

1.      At all times material to this Information, San Francisco Public Works, also known as the Department of Public Works ("DPW") of the City and County of San Francisco, was an agency of a local government that received federal assistance in excess of $10,000 during the one-year period beginning on December 31, 2018, and ending on December 30, 2019.

INFORMATION

2. Mohammed Nuru ("NURU) was an agent of DPW, who, as director of the agency at all times material to this information, was responsible for overseeing the hiring of employees at DPW, for directing the expenditure of DPW public monies, along with his other responsibilities as the highest-ranking appointed official of DPW.

3. Beginning at a date unknown, but no later than December 2018, and continuing through in or about December 2019, in the Northern District of California and elsewhere, the defendant,

KEN HONG WONG,

did knowingly and intentionally conspire with Nuru and others, known and unknown to the United States Attorney, to commit bribery; that is, Wong did conspire to corruptly give, order, and agree to give a thing of value to any person intending to influence and reward Mohammed Nuru in connection with a transaction and series of transactions of DPW involving $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2). All in violation of Title 18, United States Code, Section 1349.

COUNT TWO:        (18 U.S.C. § 666(a)(2) – Bribery Concerning Programs Receiving Federal Funds)

4. Beginning on a date unknown, but no later than December 2018, in the Northern District of California, Defendant WONG did corruptly give, order, and agree to give a thing of value to any person intending to influence and reward Mohammed Nuru in connection with a transaction and series of transactions of DPW involving $5,0000 or more.  Specifically, on four occasions between December 2018 and July 2019, defendant WONG paid Nuru a total of $20,000 cash, made in individual payments of $5,000 each.   Defendant WONG gave this cash to Nuru as a bribe in exchange for Nuru's past and future official actions benefitting WONG, including to induce Nuru to hire Individual #1 for an engineering position at DPW.  WONG provided the cash to Nuru corruptly, knowing and intending it to be an illegal gift to him in return for his official actions on WONG's behalf.  All in violation of Title 18, United States Code, Section 666(a)(2).

FORFEITURE ALLEGATION:        (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

5. The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

//

6. Upon conviction for an offense set forth in this Information, the defendant,

KEN HONG WONG

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: June 5, 2023

THOMAS A. COLTHURST
Attorney for the United States

*/s/ David J. Ward*
DAVID J. WARD
Assistant United States Attorney

INFORMATION    3